UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case No: 02-20054
v.                                 Honorable David M. Lawson

DAMARIS RICHELLE MOORER,

        Defendant.

_____/

## **ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS DEFENDANT'S MOTION FOR SENTENCE MODIFICATION AS MOOT**

Before the Court is a motion filed by the government to dismiss a previous motion that the defendant filed seeking a reduction of her sentence under 18 U.S.C. § 3582(c)(2). The defendant was convicted on her guilty plea on April 8, 2003 of conspiracy to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(B)(iii). She was sentenced on September 16, 2003 to 87 months in the custody of the United States Bureau of Prisons, to be followed by four years of supervised release. On September 30, 2004, the Court granted the government's motion filed under Federal Rule of Criminal Procedure 35(b) and reduced the defendant's sentence to 48 months in custody. On June 16, 2005, the defendant filed a motion to modify her sentence, alleging that she should have the benefit of a retroactive reduction in the sentencing guidelines that applied to crack cocaine offenses. She also argued that *Booker v. Washington*, 543 U.S. 220 (2005), allowed the Court to exercise discretion and sentence her below the applicable sentencing guideline range. Finally, the defendant contended that she should not be burdened with the offense level enhancement for involvement of a firearm, *see* USSG § 2D1.1(b)(1), because it interfered with certain prison programs otherwise available to her.

The government responded to the motion two years later, arguing that the defendant's reliance on *Booker v. Washington* was misplaced because *Booker* did not grant the district court additional discretion to reduce sentences under 18 U.S.C. § 3582(c)(2). *See Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005). The government also pointed out — correctly — that the statute did not afford a defendant an opportunity to recalculate a sentencing guideline score based on factors not affected by the retroactive amendment, such a firearms enhancement.

The court did not render a decision on the motion, but since that time, the defendant has been released from custody and discharged from her term of supervised release. The Court finds that because the defendant is no longer in custody or subject to supervision, the motion to modify the sentence is meaningless. The issues presented by the motion are moot. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A decision on the defendant's motion to reduce her sentence with "not make a difference to the legal interests of the parties." *MacPhearson v. Michigan High School Athletic Association*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc).

Because the issues raised in the defendant's motion are moot, that motion must be dismissed.

Accordingly, it is **ORDERED** that the government's motion to dismiss the defendant's motion for sentencing modification [docket #164] is **GRANTED.**

It is further **ORDERED** that the defendant's motion for sentence modification [docket #137]

is **DISMISSED AS MOOT.**

                                                  s/David M. Lawson
                                                  DAVID M. LAWSON
                                                  United States District Judge

Dated: September 2, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 2, 2011.

                                    s/Deborah Tofil
                                      DEBORAH TOFIL